JsFOIL, J.
Defendant, Ronald Gilbert Cline, was charged by bill of information with three counts of theft of animals valued at over $500.00, violations of La. R.S. 14:67.2. He pled not guilty and filed pre-trial motions, including a motion to quash based upon the court’s lack of jurisdiction of the charged offenses, as provided in La. C.Cr.P. art. 532(8). After a hearing was conducted and testimony was received, the trial court found that it had jurisdiction and denied defendant’s motion to quash as to Counts 1 and 2. Subsequently, defendant withdrew his not guilty plea and entered a plea of nolo contendré, pursuant to State v. Crosby, 338 So.2d 584 (La.1976), to the misdemeanor offense of unauthorized use of a movable valued at $1,000.00 or less in Counts 1 and 2, violations of La. R.S. 14:68. The state dismissed Count 3. After a Boykin examination, the trial court accepted the pleas.
Thereafter, the trial court deferred sentencing of defendant for each count under La.C.Cr.P. Article 894. The court placed defendant on one year bench probation with the special conditions that he perform 100 hours of community service work at a public agency other than the zoo, pay court costs in the amount of $79.00, and pay restitution in the following amounts: employee travel expenses of Sam Moran for a trip to Alabama on December 1, 1996, in the amount of $192.27; travel expenses of Sam Moran for travel to Alabama on August 29, 1996, in the amount of $172.37; travel expenses for Paul Price for travel to Alabama on November 11, 1996, in the amount of $183.42; other costs and travel time for Paul Price in the amount of $751.91, for K.C. Lamb in the amount of $411.84, for Sam Moran in the amount of $490.24 and for Melissa Prisk in the amount of $396.80; and for the cost of use of a BREC vehicle for seven days in the amount of $280.00. He appealed and argues that the evidence introduced by the state to prove venue |sconsisted of inadmissible hearsay and that the trial court incorrectly denied the motion to quash.
FACTS
Sergeant Ron Boucher of the East Baton Rouge Parish Sheriffs Office testified that he investigated the offenses involving defendant. He first received information from Mr. Paul Price, the director of the East Baton Rouge Parish Zoo, regarding defendant’s involvement in the offenses. The sergeant learned that defendant, the curator of animals at the Birmingham Zoo in Alabama, negotiated the sale and transfer of three spot-nose monkeys, which were in the possession of the Baton Rouge Zoo. Two of these monkeys were owned by the Baton Rouge Zoo and one was on loan from the Miami Zoo; the monkeys were in Baton Rouge Zoo surplus at the time the salé was consummated. Sergeant Boucher testified that Mr. Price told him he was contacted by defendant and became involved in negotiating the exchange of the animals via telephone conversations and written correspondence.
When the sergeant was asked if he had conversations with Mr. Wallace, the director of the Birmingham Zoo, about defendant’s involvement with the Birmingham Zoo, defendant objected on the basis of inadmissible hearsay. The trial court overruled the objection, finding the testimony to be admissible to show foundation *634 for the charges being brought in Baton Rouge.
Sergeant Boucher stated that he asked Mr. Wallace if defendant had the authorization to negotiate or complete the purchase of animals on behalf of the Birmingham Zoo. Defendant again objected on the basis of hearsay and made his objection continuing during the witness’ testimony.
Mr. Wallace told Sergeant Boucher that defendant did-not have the authority to purchase or sell animals, that no one person had the authority for an animal to be 14purchased or sold, that a board of trustees had to vote on a sale or purchase and that a transfer depended upon that vote.
Sergeant Boucher further testified that in his conversations with Mr. Price he learned that the customary price for an animal sold from one zoo to another zoo was $100.00. Mr. Price stated that he was contacted by defendant, whom he believed was acting on behalf of the Birmingham Zoo. Defendant arranged to purchase three spot-nose monkeys that were in the Baton Rouge Zoo surplus. Mr. Paul Price and Mr. Casey Lamb transported the monkeys to the Baton Rouge airport and placed them on-an airline flight to Birmingham. When Mr. Price was contacted by the United States Department of Agriculture (USDA), regarding a USDA form showing the shipment and receipt of the monkeys, he called Mr. Wallace at the Birmingham Zoo. Mr. Wallace told .Mr. Price that he was not aware of any purchases made by the Birmingham Zoo from the Baton Rouge Zoo.
Sergeant Boucher further learned that defendant had received the monkeys and sold them on behalf of the Birmingham Zoological Foundation to the Animal House in Moulton, Alabama. The sergeant spoke with Animal House owner Ms. Carolyn Atchinson, who stated that she had purchased the monkeys from defendant, who indicated that he was representing the Birmingham Zoo. Mrs. Atkinson paid $3,000.00 apiece for each monkey and obtained a receipt from the Birmingham Zoological Foundation. Sergeant Boucher further testified that Mr. Price said that he did not go to Alabama to negotiate the sale of the monkeys. All negotiations were conducted either through correspondence or via the telephone. Mr. Price further indicated that he and defendant spoke several times over the telephone negotiating and arranging the shipment. Mr. Price also stated that he had received two or three letters signed by defendant and mailed to an address in East Baton Rouge Parish. Although he did admit that the monkeys were recovered in Alabama, Sergeant Boucher stated that he did not have any information to lead him |Bto believe that the negotiations between Mr. Price and defendant were conducted outside of Baton Rouge.
On cross-examination, Sergeant Boucher also admitted that defendant never physically entered East Baton Rouge Parish to negotiate the sale of the' primates. The sergeant confirmed that Mr. Price’s statements were the only evidence he received to ■ show that defendant called the East Baton Rouge Zoo.
When Sergeant Boucher contacted Mr. Wallace, he learned that defendant did not have the power to procure, sell or negotiate anything concerning the transfer of animals with other zoos. Although Ms. Atkinson said that she wrote a check for the payment of the monkeys to Birmingham Zoological Society, he did not inquire or learn about the relationship between the zoological society and the zoo. He further discovered that the value of the monkeys was about $3,000.00 apiece, substantially more than $100.00 apiece, which was paid to the Baton Rouge Zoo. Sergeant Boucher further testified that he learned that defendant lived in Alabama during all the events regarding the sale and that defendant never came to Louisiana.
At the hearing, defendant argued that none of the acts occurred in Louisiana. The state argued that the animals were in *635 East Baton Rouge Parish, the purchase amount was paid in East Baton Rouge Parish and that the negotiations to obtain the monkeys by fraudulent means took place in East Baton Rouge Parish.
The court found that enough activities took place in East Baton Rouge Parish to establish venue and denied the motion to quash. The court reasoned that the items of property (the monkeys), which were the subject of the theft, were obtained from the zoo in Baton Rouge, that the money from the sale was transferred to the Baton Rouge Zoo and that documents relating to the transfer of the animals were signed in Baton Rouge by Baton Rouge Zoo personnel.[1]
| «LAW AND ANALYSIS
In his sole assignment of error, defendant contends that, during the hearing on the motion to quash, the trial court improperly allowed the introduction of hearsay evidence to prove jurisdiction. Specifically, he argues that the testimony of Sergeant Boucher, the sole witness who investigated the offenses, consisted of statements made by others.
In overruling defendant’s objection to Sergeant Boucher’s testimony, the trial court stated:
THE COURT:
... But in some proceedings hearsay is admissible. This motion to quash may very well be one of those situations for it to be admissible to show foundation for the charges being brought here in Baton Rouge. I mean it doesn’t go to the truthfulness of the statement but part of the investigation. Let’s proceed.
We find that the trial court correctly overruled defendant’s objection. As recognized by the trial court, hearsay is admissible in some proceedings. Specifically, we believe it is admissible on a motion to quash based upon lack of venue. While we can find no cases or statutory provisions directly addressing this issue, the Code of Evidence provides some guidance. Except as otherwise provided by legislation, the provisions of the Code of Evidence apply to the determination of questions of fact in all contradictory judicial proceedings. La. C.E. art. 1101(A)(1). In subsection (C) of article 1101, certain proceedings are excluded from application of the Code, but a hearing on a motion to quash for improper venue is not one of the proceedings which is excluded. However, in subsection (B), application of the Code is relaxed for certain proceedings and the provisions are made applicable only to the extent the provisions facilitate the legislative objectives underlying the proceeding. It provides, in pertinent part, as follows:
B. Limited applicability. Except as otherwise provided by Article 1101(A)(2) and other legislation, in the following proceedings, |7the principles underlying this Code shall serve as guides to the admissibility of evidence. The specific exclusionary rules and other provisions, however, shall be applied only to the extent that they tend to promote the purposes of the proceeding.
[[Image here]]
(4) Preliminary examinations in criminal cases, and the court may consider evidence that would otherwise be barred by the hearsay rule.
[[Image here]]
(8) Hearings on motions and other summary proceedings involving questions of fact not dispositive of or central to the disposition of the case on the merits, or to the dismissal of the case, excluding in criminal cases hearings on motions to suppress evidence and hearings to determine mental capacity to proceed.
La. C.E. art. 1101(B).
We believe a hearing on a motion to quash based on the ground that the court has no jurisdiction fits within the exception provided by paragraph (8). The purpose *636 of the hearing was to determine whether the state proved by a preponderance of the evidence that an act or element of the charged offense occurred in East Baton Rouge Parish. The factual guilt or innocence of the accused was not at issue at the hearing. Rather, the issue was whether there were sufficient allegations of a crime that, if proven to be true at the actual trial, would sustain a conviction in East Baton Rouge Parish. Accordingly, the hearing on the motion to quash involved questions of fact not dispositive of the case on the ■ merits. Moreover, the proceeding did not involve questions of fact that were central to the dismissal of the case. If a court sustains a motion to quash based on lack of jurisdiction, the court must discharge defendant from custody or bail on that charge. La.C.Cr.P. art. 538. The state could then re-bill the matter and bring the necessary witnesses to any subsequent hearing in order- to avoid a hearsay objection.
Therefore, under La. C.E. art. 1101(B), the specific exclusionary rules shall be applied only to the extent that they tend to promote the purposes of the proceedings. Excluding Sergeant Boucher’s testimony would not have promoted lathe purposes of the proceeding. Thus, we conclude that the trial court correctly allowed hearsay evidence to be introduced at the hearing on the motion to quash.
Accordingly, defendant’s conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.
GUIDRY, J., dissents and assigns reasons.

. The court granted the motion to quash based upon lack of venue as to one count pertaining to the monkey on loan to the Baton Rouge Zoo from the Miami Zoo.